UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HOME LOAN CENTER,

    Plaintiff,

v.                                    Case No. 06-10379

AMBER THOMPKINS and              HONORABLE AVERN COHN
LAWRENCE THOMPKINS,

    Defendants.

_____/

### AMENDED ORDER OF DISMISSAL AND REMAND[1]

    This is a landlord-tenant case governed by state law. On January 27, 2006, Defendant Amber Thompkins (Thompkins), proceeding pro se, filed a 45-page notice of removal removing this case to this Court from the 14B District Court in Ypsilanti, Michigan. Plaintiff The Home Loan Center (HLC) filed the complaint in state court seeking to terminate the tenancy of Defendants.

    Because Thompkins paid the requisite filing fee when removing this case, the complaint is not subject to screening for sua sponte dismissal under 28 U.S.C. § 1915(e)(2). Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999). However, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous,

---

[1] The original order entered February 02, 2006 incorrectly refunded the filing fee to the Plaintiff. This matter was removed by the Defendant Amber Thompkins-El, who paid the required filing fee.

devoid of merit, or no longer open to discussion." Apple v. Glenn, et al. 183 F.3d 477, 479 (6th Cir. 1999). When reviewing pro se papers, the court must employ standards less stringent than if the papers had been drafted by counsel. Haines v. Kerner, 404 U.S. 519 (1972).

The Court has read Thompkins' notice of removal. It is unintelligible. From what can be gleaned, Thompkins asserts that removal of this case is proper because the Court has federal question jurisdiction under 28 U.S.C. § 1331 on the grounds that, inter alia, HLC is involved in unfair and deceptive advertising and trade practices under 15 U.S.C. § 52; HLC is a federal bank subject to federal regulation; HLC has violated the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and the Fair Credit Billing Act; and the underlying disputes involve violations of land patent or land grant laws.

The statute governing removal, 28 U.S.C. § 1446, allows a defendant to remove a civil action from state court to federal court only if there is original jurisdiction in federal court over the action. 28 U.S.C. § 1441. Under the "well-pleaded complaint" rule, a court generally looks only to the face of the complaint to determine whether a federal question exists. Louisville & N.R. Co. v. Mottley, 211 U.S. 149, 152 (1908). In 1983, the United States Supreme Court explained that

> lower courts [have] jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). "The mere presence of a federal issue in a state cause of action does not automatically

confer federal-question jurisdiction." Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 813 (1986). Additionally, neither (1) the defendant raising a substantive federal defense to a state-law claim, nor (2) the parties stipulating that the federal defense is the only question truly at issue will allow the defendant to remove a case to federal court based on federal-question jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987).

Thompkins has failed to establish that the Court has original jurisdiction over this case. Indeed, a review of the complaint establishes that this is a simple state-law eviction action in which HLC is attempting to evict defendants from real property. Thompkins' apparent arguments in support of federal jurisdiction are, at best, defenses that do not allow a defendant to remove a case from state court to federal court.

Accordingly, the Court finds the notice of removal to be frivolous. The Court lacks subject matter jurisdiction. Accordingly, this case is DISMISSED under Fed. R. Civ. P. 12(b)(1) and REMANDED to the 14B District Court in Ypsilanti, Michigan.

The Clerk is directed to return the filing fee to the ==Defendant, Amber Thompkins-El==.

SO ORDERED.

Dated: February 14, 2006          s/Avern Cohn
                                  AVERN COHN
                                  UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 14, 2006, by electronic and/or ordinary mail.

                                  s/Julie Owens
                                  Case Manager, (313) 234-5160